UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00134-TBR

MILDRED J. HUFF                                                                                    Plaintiff

v.

HOWMEDICA OSTEONICS                                                                   Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Howmedica Osteonics Corp.'s motion for summary judgment (Docket #9) and motion to dismiss (Docket #10). Plaintiff Mildred Huff has responded to both. (Docket # 15, 18). Defendant has replied. (Docket #22, 23). Accordingly, these matters now are ripe for adjudication. For the reasons that follow, Defendant's motion for summary judgment (Docket #9) will be DENIED and Defendant's motion to dismiss (Docket #10) will be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Defendant Howmedica Osteonics Corp., Stryker Corporation, and Stryker Sales Corporation (collectively "Howmedica") market and sell the ShapeMatch Cutting Guide ("ShapeMatch"). The ShapeMatch is a medical device which assists surgeons in performing knee replacement surgery. (Docket #15).

Plaintiff Mildred Huff underwent knee replacement surgery in August, 2012. Huff's surgeon used the ShapeMatch during surgery. After the surgery, Huff experienced knee pain and instability. She subsequently underwent a second surgery. (Docket #15).

Huff informed Howmedica of her knee problems. Howmedica investigated and the parties discussed settling the dispute. Howmedica claims that Huff orally agreed to settle the dispute. Howmedica drafted a settlement agreement and sent it to Huff. She rejected the first draft because it incorrectly stated that she was not a beneficiary of Medicare. (Docket #9). Howmedica sent a revised draft. Huff refused to sign this draft as well. (Docket #9). Howmedica has moved for summary judgment on the grounds that Huff orally agreed to settle her claims.

Huff filed this lawsuit asserting, among other things, that Howmedica breached implied and express warranties. Howmedica moves to dismiss the warranty claims on the grounds that Huff did not have a contract with Howmedica because Huff's surgeon, and not Huff, purchased the ShapeMatch.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

**I.  Whether the parties orally agreed to settle is a factual issue for the jury.**

"[T]he fact that a compromise agreement is verbal and not yet reduced to writing does not make it any less binding. Furthermore, if a dispute exists as to whether an oral agreement was reached, the issue is to be resolved by a jury." *Motorists Mut. Ins. Co. v.*

*Glass*, 996 S.W.2d 437, 445 (Ky. 1997); *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 106 (Ky. 2003) ("a question of fact appropriate for jury resolution will exist when a genuine issue of material fact exists as to *whether* the parties reached an oral agreement") (emphasis in original).

Howmedica does not dispute that this case involves a purported oral agreement and would normally be submitted to a jury. Instead, Howemedica argues Huff has not raised a genuine factual dispute because Huff did not attach "affidavits or other evidence" to support her claims. (Docket #22).

Normally, a party moving for summary judgment attaches its own affidavits to support its motion. The party resisting summary judgment then responds with affidavits from its own witnesses. *Baker v. Medtronic, Inc.* 2009 U.S. Dist. LEXIS 27068 *6 (S.D. Ohio 2009) (explaining the shifting burden process and how each side may meet their burden). While this process is common, it is not required that a party resisting summary judgment submit her own affidavits or other evidence. Instead, she may rely on the record to show there is a genuine issue of material fact. Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . (B) showing that the materials cited do not establish the . . . presence of a genuine dispute. . . ."); *see also Davis v. Chevy Chase Financial, Ltd.*, 667 F.2d 160, 172 (D.C. Cir. 1981) ("(where) the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented").

Howmedica and Huff both rely on the affidavit of Adriana Agnihotri. Howmedica cites to Agnihotir's claim that Huff orally agreed to settle during a phone call. (Docket

4

#9). Huff relies on the Agnihotri's admission that Huff refused to sign the first settlement agreement and "left a voicemail stating that she would not execute the [second] Confidential Settlement Agreement and Full Release." (Docket #9, Ex. 1). Construing the facts in a light most favorable to Huff, a reasonable inference from Agnihotri's affidavit is that Huff never settled her claims with Howmedica.

Moreover, Huff has provided some documentary evidence in the form of a letter from Huff's counsel to Howmedica sent immediately following Huff's refusal to sign the settlement agreement. (Docket #18, Ex. A). Huff argues that Howmedica's failure to respond to this letter shows that Howmedica did not believe it had consummated a settlement agreement with Huff. (Docket #18).

Finally, even had Huff failed to properly support its objection to Howmedica's motion, the Court has the discretion to allow Huff to supplement its response. Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact . . .) *see also* Fed. R. Civ. P. 56(e) advisory committee's notes (calling this "the court's preferred first step").

Accordingly, the Court finds that the issue of whether Huff and Howmedica orally agreed to a settlement agreement at this stage of litigation appears to be a factual issue to be resolved by a jury.

## II. A breach of implied warranty claim requires contractual privity.

In order for a buyer to assert a claim for breach of implied warranty, the buyer must show contractual privity between the buyer and seller. *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006); *see also* KRS § 355.2-318 (extending warranties to

5

family and household members of the buyer); *Williams v. Fulmer*, 695 S.W.2d 411, 414 (Ky. 1985) ("beneficiaries of implied warranties are limited to the purchaser and to 'any natural person who is in the family or household'").

Contractual privity must be uninterrupted and direct from the seller to buyer. An intervening purchaser destroys privity. *Compex*, 209 S.W.3d at 465 ("a 'seller's' warranty protections are *only* afforded to 'his buyer.'") (emphasis in original); *Munn v. Pfizer Hosp. Products Group, Inc.*, 750 F. Supp. 244, 248 (W.D. Ky. 1990) (dismissing an implied warranty claim because the doctor and not the patient had purchased surgically implanted nails); *John F. Ruggles, Jr., Inc. v. Ventex Tech. Inc.*, 2011 U.S. Dist. LEXIS 79816 (E.D. Ky. 2011).

Huff has not alleged that she purchased the ShapeMatch directly from Howmedica. Instead, Huff argues that each ShapeMatch was a "custom-made, one-time use" medical device that was created specifically for her surgery. (Docket #15). While a ShapeMatch was customized for Huff, it was Huff's surgeon, and not Huff, that purchased that ShapeMatch. Therefore, Huff's implied warranty claim must be dismissed.

### III. A breach of express warranty claim does not require contractual privity.

Similar to breach of implied warranty claims, a plaintiff generally must show a contractual relationship between herself and the seller to assert a breach of express warranty claim. *Levin v. Trex Co.*, 2012 U.S. Dist. LEXIS 28522 (W.D. Ky. 2012). However, an exception to this privity requirement exists when the manufacturer made express warranties directly to the intended consumer of the product. *Id.* at *7-11; *Vanden

*Bosch v. Bayer Healthcare Pharms.*, Inc., 2014 U.S. Dist. LEXIS 48055 *45-47 (W.D. Ky. 2014); *Naiser v. Unilever United States, Inc.*, 975 F. Supp. 2d 727, 740 (W.D. Ky. 2013) ("The Court anticipates that Kentucky state courts would hold that an express warranty action can be maintained in cases such as this, where Unilever's alleged written, express warranties were clearly intended for the product's consumers").

Huff alleges that Howmedica made express warranties to Huff through the media about the effectiveness and safety of the ShapeMatch. (Docket #15). Howmedica does not dispute these facts. Instead, Howmedica argues that the *Vanden Bosch* line of cases is an "outlier." (Docket #23). Howmedica points to a multitude of cases which generally proclaim that "privity of contract is an essential element to breach of warranty claims." *Baird v. Bayer Healthcare Pharms., Inc.*, 2013 U.S. Dist. LEXIS 156667 *7 (E.D. Ky. 2013). These cases state a general rule but do not address the facts of this case. The *Vanden Bosch*, *Levin,* and *Naiser* all involved factually similar scenarios – a claim that a manufacturer made express warranties to the end user – and held that express warranty claims survived a motion to dismiss. *Vanden Bosch*, 2014 U.S. Dist. LEXIS 48055 *47; *Levin*, 2012 U.S. Dist. LEXIS 28522 *11-12; *Naiser*, 975 F. Supp. 2d at 740. Accordingly, Huff's claim that Howmedica breached express warranties through the media is a legally cognizable claim that survives Howmedica's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Howmedica's motion for summary judgment (Docket #9) is DENIED and Defendant Howmedica's motion to dismiss (Docket #10) is GRANTED IN PART and DENIED IN PART. Huff's claim for breach of implied warranty is dismissed.

cc: Counsel